# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ISAAC CHARLES POOLE,

    Petitioner,

v.

WARDEN SPAULDING,

    Respondent.

NO. 3:17-CV-0232

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Isaac Charles Poole ("Poole"). For the reasons that follow, the petition will be dismissed without prejudice for lack of jurisdiction.

## I. Background

On October 11, 2011, a Superseding Indictment charging Poole and others with various federal offenses was returned by a grand jury in the United States District Court for the District of South Carolina. *See* Superseding Indictment, *United States v. Whaley*, No. 11-cr-2037-12 (D.S.C. Oct. 11, 2011), ECF No. 187. A Second Superseding Indictment was subsequently returned by the grand jury on February 15, 2012 charging Poole with: (1) conspiring to possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 1); (2) possessing with intent to distribute and distributing 28 grams or more of cocaine base on February 3, 2011 in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 8); and (3) possessing with intent to distribute and distributing 28 grams or more of cocaine base on April 28, 2011 in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 9). *See id*. at ECF No. 461.

On August 27, 2012, Poole signed a Plea Agreement by which he agreed to

plead guilty to Counts 8 and 9 of the Second Superseding Indictment. *See id*. at ECF No. 981. The District Court accepted Poole's guilty plea. *See id*. at ECF No. 983.

Prior to sentencing, Poole filed a motion objecting to his designation as a "career offender" under the United States Sentencing Guidelines. *See id*. at ECF No. 1182 ("The basis for the Government seeking a finding of a career offender in the instant matter is set forth in Paragraphs 23, 24, 30 and 33 of the Presentencing Report."). Poole was classified as a career offender, *see id*. at ECF No. 1507, and he was sentenced on January 14, 2013 to a 156 month term of imprisonment as to each of Counts 8 and 9 to run concurrently with each other. *See id*. at ECF No. 1203. Poole did not file a direct appeal to the United States Court of Appeals for the Fourth Circuit.

On June 17, 2013, Poole filed a "Motion for Habeas Corpus Discovery" because he was "in need of these papers in order to properly file a petition under 2255." *Id*. at ECF No. 1300. That motion was denied without prejudice. *See id*. at ECF No. 1511. Poole never filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

On April 23, 2015, Poole filed a motion in the sentencing court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. *See id*. at ECF No. 1438. The sentencing court denied that motion on November 3, 2016, stating that Poole was "not eligible for consideration based upon [ ] amendment [782] because his classification as a career offender dictates his sentence, not the amount of drugs involved in the offense." *Id*. at ECF No. 1507.

On February 8, 2017, Poole, while incarcerated at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, commenced the instant action pursuant to 28 U.S.C. § 2241. (*See* Doc. 1, *generally*). Poole argues that he is no longer a career offender in light of the United States Supreme Court's decisions in *Mathis v. United States*, - - - U.S. - - -, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016) and

*Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). (*See id*. at 1-2; *see also id*. at 4 ("Poole contends that based on the Rule of *Descamps/Mathis*, his prior convictions under S.C. Code 44-53-370 do not qualify as predicates for career offender purposes."). Poole thus concludes that he is "actually innocent of having the predicate offenses necessary for sentencing him as a career offender . . . ." (*Id*. at 4).

In response, the Government contends that the petition should be dismissed for lack of jurisdiction because Poole cannot challenge his sentence pursuant to § 2241. (*See* Doc. 11, 3-8). Specifically, the Government points to the fact that Poole has never filed a § 2255 motion, which, says the Government, is the appropriate instrument for the instant challenge to his sentence. (*See id*. at 6). As a result, the Government insists that Poole cannot show that a § 2255 motion would be inadequate or ineffective to test the legality of his detention and he therefore cannot raise his claim by way of § 2241. (*See id*. at 7).

Poole filed a timely Traverse. (*See* Doc. 12, *generally*). Therein, Poole reiterates that he is not a career offender in light of *Mathis* and *Descamps*. (*See id*. at 2). Poole further maintains that his petition is properly brought pursuant to § 2241 by way of the saving clause set forth in § 2255(e). (*See id*. at 3-4).

The petition has now been fully briefed, so it is ripe for disposition.

## II. Legal Standard

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under [28 U.S.C.] § 2255." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). Yet, "to this limitation, Congress also provided a saving clause: a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Id*. (citations omitted); *see also* § 2255(e). If a petitioner previously has filed a § 2255 motion, he must apply for and receive permission from the appropriate court of appeals before filing a successive § 2255

motion. *See* 28 U.S.C. § 2244(b)(3), 2255(h).[1] The claimed inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002)). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. Rather, only when a federal prisoner is "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241." *Bruce*, 868 F.3d at 179 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).

> The Third Circuit
>> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision" - in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [*United States v.*] *Tyler*, 732 F.3d [241,] 246 [(3d Cir. 2013)] (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.* Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251.

*Id.* at 180.

---

[1] A second or successive § 2255 motion must be based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

4

If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Fraser v. Zenk*, 90 F. App'x 428, 430 (3d Cir. 2004).

## III. Discussion

The United States Court of Appeals for the Third Circuit has not yet decided in a precedential opinion whether career-offender enhancements can be challenged under § 2241. *See, e.g.*, *United States v. Doe*, 810 F.3d 132, 160-61 (3d Cir. 2015); *see also Newman v. Kirby*, - - - F. App'x - - -, 2018 WL 5881523, at *1 n.1 (3d Cir. Nov. 9, 2018) ("We have not determined whether § 2255(e)'s saving clause is available when a defendant seeks to challenge a sentence enhancement based on an intervening change in statutory interpretation . . . ."). Some courts in this Circuit, however, have concluded that a claim that the petitioner "meets the requirements under the savings clause based on his actual innocence of being a career offender . . . is not a claim of actual innocence of the crime of conviction and thus, not the type of claim that warrants review under § 2241." *Wilson v. Baltazar*, No. 18-315, 2018 WL 1907343, at *2 (M.D. Pa. Apr. 23, 2018); *see also Hughes v. Baltazar*, No. 18-142, 2018 WL 1748120, at *3 (M.D. Pa. Apr. 11, 2018) ("Most importantly, challenges to career offender status are not properly raised under § 2241."); *Arnold v. Hollingsworth*, No. 16-993, 2016 WL 3647323, at *2 (D.N.J. July 7, 2016) ("challenges to career offender status may not be made under § 2241"). I do not pass on this issue because Poole could have asserted his *Mathis* claim in an initial motion under § 2255.

As stated, Poole has never filed a § 2255 motion, so the restrictions on filing successive § 2255 motions do not apply to him. Nevertheless, § 2255 motions must generally be filed within one year of of the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). Had Poole filed a § 2255 motion instead of a § 2241 petition, it would have been untimely under that provision.

But, § 2255 also contains an alternate commencement date for the one-year statute of limitations running from "the date on which the right asserted was initially

5

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" Id. at § 2255(f)(3). "Unlike new rules permitting successive § 2255 motions, new 'rights' triggering § 2255(f)(3) need not be constitutional." *Boatwright v. Warden Fairton FCI*, 742 F. App'x 701, 703 (3d Cir. 2018) (citing *United States v. Lloyd*, 188 F.3d 184, 187 n.8 (3d Cir. 1999), *abrogated in part on other grounds by Dodd v. United States*, 545 U.S. 353, 357, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005)).

The Third Circuit has "not decided whether *Mathis* recognized a new right for purposes of § 2255(f)(3)," and I need not do so here to conclude that Poole cannot resort to § 2241. *Id*. This is so because "[i]f *Mathis* is new, then [Poole] could have timely asserted his claim in a § 2255 motion and was required to use that 'preferred vehicle' regardless of whether his claim could otherwise be brought under § 2241." *Id*. at 703-04 (quoting *Lloyd*, 188 F.3d at 187 n.9). However, "[i]f *Mathis* is not new, by contrast, then [Poole] could have raised his claim in a timely § 2255 motion before." *Id*. at 704. As the Third Circuit explained in *Boatwright*, "[i]f *Mathis* is not new, then it would be because [Poole's] challenge was available at least by the time the Supreme Court decided *Descamps* on June 20, 2013." *Id*. Similar to the petitioner in *Boatwright*, Poole's conviction became final on or about January 14, 2013, *i.e.*, slightly less than six months before *Descamps* was decided. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (holding that a conviction in the Fourth Circuit becomes final for purposes of § 2255's statute of limitations on the date judgment is entered if the defendant did not file a direct appeal). "Thus, [Poole] would have had approximately six months to raise a claim under *Descamps* that would have been timely as measured from the date of his conviction, *see* 28 U.S.C. § 2255(f)(1), regardless of whether *Descamps* itself was 'new.'" *Boatwright*, 742 F. App'x at 704. Accordingly, there is no basis to permit Poole to proceed under § 2241. *See id*.

## IV. Conclusion

For the above stated reasons, Poole's § 2241 petition will be dismissed without prejudice for lack of jurisdiction.[2]

An appropriate order follows.

March 5, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

---

[2] Because Petitioner has taken the position that § 2255 is inadequate as to his claims and he has not attempted to proceed under that section, I will not transfer the petition to the sentencing court pursuant to 28 U.S.C. § 1631. *See Boatwright*, 742 F. App'x at 704 (noting that its decision was without prejudice to the petitioner's ability to file a motion pursuant to Federal Rule of Civil Procedure 60(b) to seek a transfer of the petition to the sentencing court).